Fiske v. Small.

---

HORACE S. FISKE & al. *versus* OTIS SMALL.

| 25 | 453 |
| 87 | 567 |

Where a permit to cut timber has been assigned, and the timber, afterwards, has been cut under it, no delivery thereof is necessary, to enable the assignee to maintain an action against an officer, taking it by attachment as the property of the assignor.

If the assignee employs the assignor as his agent to take possession of the logs, after they are severed from the soil, and manufacture them into boards, this will not prevent his maintaining an action against one, who may take them as the property of the assignor.

If the vendee of personal property calls the vendor as a witness to prove the property to be in himself, the declarations of the witness, that he owned the property and not the plaintiff, may be given in evidence to discredit him; but are not to be taken by the jury as evidence of property in the witness.

In an action of trespass *de bonis asportatis* a mere stranger cannot set up an outstanding title in a third person, without showing some authority under it to justify the taking.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Trespass against Small, as former sheriff of the county, for taking a quantity of clapboards, by Haines, his deputy, alleged to be the property of the plaintiff, in March, 1837. The defendant justified the taking by virtue of a writ in favor of William Smith against Ezekiel Hackett, averring that the clapboards were the property of Hackett, and as such were attached.

To prove property in themselves, the plaintiffs offered in evidence two permits to cut timber, one given by Dwinal and Hackett, and the other by Ramsdell, Hackett and Martin, to said Ezekiel Hackett, and by him assigned to the plaintiffs. These were objected to by the defendant as irrelative; but were admitted by the presiding Judge.

It appeared that logs were cut under the permit, and that Hackett sawed them into clapboards "at the halves"; and that while he was sawing them, he spoke of them and treated them as his own; and did not then disclose that he acted as the agent of the plaintiffs. The counsel for the defendants requested the Judge to instruct the jury, that a delivery was necessary under said permits before the plaintiffs could maintain the action. The Judge declined so to instruct them.

The plaintiffs had sold a quantity of the timber cut under these permits to Davis & Pond. The contract of sale is referred to in the exceptions, but no copy of it is found among the papers. The defendant requested the Court to instruct the jury, that all the logs of that mark in the river passed to Davis & Pond, upon making the payments as named in the contract, and that the scaling of the same was not necessary to pass the property. The Judge instructed the jury, that all the logs of that mark did pass to Davis & Pond, that were in the two booms named in the contract; but that those logs, that came through the main boom in 1836, did not pass to Davis & Pond, unless they were delivered in those booms in accordance with the contract.

Witnesses introduced by the defendant testified, that Hackett, whose deposition had been read by the plaintiff, had stated, during the time the logs were in his possession, that the logs

were his, and were not the property of the plaintiffs. The presiding Judge instructed the jury, that the possession of the property by Hackett was evidence of title in him, but if the evidence satisfied them, that Hackett had the possession and control of the property by direction and as agent of the plain-tiffs, that the possession by Hackett would be explained, and would be no proof of title in him ; and that in such case, the declarations of Hackett to Coolbroth, Davis and Smith, that he owned the logs, and the clapboards sawed out of them, were not to be taken by the jury as evidence of property in himself; but they only went to discredit him as a witness for the plaintiff, and that this was the only way in which they should be considered by the jury.

The defendant requested the Judge to instruct the jury, that if they believed that Hackett had the possession of the logs and clapboards at the time of the attachment, and that the plaintiffs disclaimed to General Veazie all interest in them, that this action could not be maintained. The Judge declined to give such instruction.

The verdict was for the plaintiffs, and the defendant filed exceptions.

*Ingersoll* argued for the defendant, citing 6 Greenl. 200 ; 4 Mass. R. 661 ; 8 Mass. R. 287 ; 1 Pick. 389 ; 12 Mass. R. 54 ; 1 Taunt. 318 ; 4 Pick. 378 ; 11 Pick. 310 ; 16 Mass. R. 108 ; 2 Greenl. 242 ; 1 Greenl. on Ev. § 109.

*J. Appleton*, in his argument for the plaintiff, cited 2 Phil. Ev. 133 ; 13 Johns. R. 151, 276, 284 ; 7 Wend. 404 ; 14 Wend. 34 ; 2 Kent, 496 ; 21 Maine R. 446.

The opinion of the Court was drawn up by

TENNEY J. — Ezekiel Hackett and others, having written permits from the proprietors of lands to cut and haul timber therefrom, and having assigned them to the plaintiffs for the security of certain claims in the assignment mentioned, their interest in the permits and the license to cut the timber, as it then stood, passed to the assignees without further ceremony, subject to any right of interference by the proprietors of the

land for any violations of the contract, to their prejudice. Before the timber was cut, it is not pretended, that under the contract to cut, the persons permitted had any attachable interest, in the contract or the timber. No delivery of the trees attached to the soil could have been made, or was necessary to pass the interest to the assignees. Fraud between the parties to the assignment is not suggested. There was no delivery of the logs to the plaintiffs after they were cut, and it is therefore contended by the defendant's counsel, that their right thereto was so imperfect, as not to allow them to contest that acquired by virtue of an attachment of a creditor upon a precept against the assignors. The owners of the land make no complaint, and indeed it is not perceived, that they could do so, as it does not appear, that the cutting was not in the mode and by the persons, with whom they contracted. The individuals permitted had parted with all their rights before, and could not after the cutting acquire such an interest in the lumber, as to make it attachable for their debts. It was competent for the plaintiffs to employ either or all of these as their agents to hold possession of the logs for them, after they were severed from the soil; the assignors were not rendered incapable of performing such a service, by having been parties to the original contract. The case shows that the lumber was in possession of Hackett, and the jury have found, under proper instructions, that Hackett had this possession and control of the property, as the plaintiffs' agent; and his possession must be regarded as theirs. Several cases have been cited to show that property sold and not delivered, does not confer a title in the vendee, as against the attaching creditor of a vendor; also cases where the contract is for a chattel, not in existence, which will not vest the property in the one contracting to have it made for him, without a delivery after its manufacture. This case is different from those referred to. The identity of the timber was not changed, in the conversion from trees to logs; if the plaintiffs had a claim to the former, they had also to the latter.

Exceptions are taken to the instructions of the Judge to the

jury, that the acts of ownership of the timber by Hackett, and the statements made by him in reference to it, according to the testimony of several witnesses, were for their consideration only, as tending to discredit Hackett, who had been a witness, and not as showing property in him. If Hackett had not been a witness, the testimony of his acts and declarations, made after he parted with his interest could not have been received ; these acts and declarations were competent only for the purpose of showing that he had not been consistent in his account of the transaction ; he could not throw a doubt over the validity of a title, which had passed from him.

The evidence of Veazie, that one of the plaintiffs disclaimed all title to the property, in a conversation with him, was important for a jury to consider upon the question involved, but it was not conclusive ; it could, like any other admission of a party, be explained.

The legal propriety of the instruction, that none of the logs paid for by Davis & Pond, under a contract between them and Hackett & Martin, would pass to them, excepting so far as they were delivered in the Penobscot boom in pursuance of the contract in other respects, may be considered more doubtful, provided the defence was put upon the ground, that Hackett's right at the time of the attachment was under that contract. The defendant justifies the act of his deputy under a precept in favor of Wm. Smith against Hackett, without any suggestion that the title of Davis & Pond passed to the debtor. As between these parties, the constructive possession was in the plaintiffs by the assignment and what took place under it; and it is a well settled principle, in an action of trespass *de bonis asportatis*, that a mere stranger cannot set up an outstanding title, without showing some authority under it to justify the taking. *Cook* v. *Howard*, 13 Johns. R. 276.

*Exceptions overruled.*